**Affirmed as Modified; Opinion Filed October 6, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01032-CR

### JASON DEMALL BUARD, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F14-57284-K**

## MEMORANDUM OPINION

Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Stoddart

Following a bench trial, Jason Demall Buard was convicted of sexual assault. The trial court sentenced him to forty years' incarceration. In a single issue, Buard argues the evidence is insufficient to support his conviction. In a cross-issue, the State asserts the trial court's judgment should be modified to reflect that Buard pleaded not guilty. We modify the trial court's judgment and affirm as modified.

Buard and the complainant's mother are siblings. Buard and his partner, "Aunt Tasha,"[1] lived in Tyler, Texas, and visited his sister's home most weekends. Buard and Aunt Tasha slept in the complainant's bedroom while she slept with her mother.

---

[1] Aunt Tasha is the name the witnesses used to identify a man who is in a relationship with Buard. Although he testified at trial and provided his legal name, we will refer to him as Aunt Tasha for consistency with the testimony in the record.

The complainant, J.L., testified that during one of Buard's and Aunt Tasha's overnight visits, J.L. and Buard were in J.L.'s bedroom. J.L. was fourteen years old. J.L.'s brother was the only other person in the house and he was not in the bedroom with J.L. and Buard. Buard asked J.L. if she was a "good kisser." When she replied that she did not know, Buard kissed J.L. on the lips. J.L. then left her bedroom and went to her mother's bedroom to watch television.

After a few minutes, Buard called to J.L. from the bathroom, and J.L. went into the bathroom. J.L. testified she was facing the bathroom wall and Buard was behind her. Buard "was kissing on my neck and stuff and then he was pulling down my pants, trying to stick his private part into my behind." His penis did not penetrate her bottom, but J.L. testified that it hurt. J.L. did not scream or call for help. Buard stopped when his phone rang. He answered his phone and left the bathroom. J.L. then pulled up her pants and went back to her mother's bed. A few minutes later, Buard came into the bedroom and pulled J.L.'s pants down again. J.L. testified that "[h]e put his mouth on my vagina" and "asked me did it feel good." J.L. told Buard that her brother was nearby and Buard left the room to go talk to her brother. J.L. again pulled her pants up and continued watching TV while lying on the bed.

J.L. wondered how she would tell her mother about what happened because she did not want her uncle to get into trouble. Later that day, during a conversation with Aunt Tasha, J.L. began crying and told Aunt Tasha that "Uncle Jason touched me." Aunt Tasha started crying too. J.L. also told her mother: "Uncle Jason touched me and I was uncomfortable." She explained that Buard kissed her and "put his mouth on her private part."

J.L.'s mother called 911. An ambulance came to the house. J.L. did not shower before she went to the hospital, but she did brush her teeth and use mouthwash. The hospital collected swabs from J.L. and took her clothing, but no seminal fluid was found on the swabs.

LAW & ANALYSIS

In his sole issue, Buard challenges the sufficiency of the evidence to support his conviction. We review a challenge to the sufficiency of the evidence on a criminal offense for which the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). Under this standard, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2011). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id*. When the record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the verdict and therefore defer to that determination. *Id*. "The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault." *Hampton v. State*, No. 05-15-00509-CR, 2016 WL 3397691, at *4 (Tex. App.—Dallas June 13, 2016, no. pet.) (mem. op., not designated for publication) (quoting *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd)).

J.L. testified that after Buard kissed her, he pulled down her pants and tried "to stick his private part into my behind." A few minutes later, he pulled down her pants again and "put his mouth on my vagina" and "asked me did it feel good." J.L.'s testimony is sufficient to support the verdict. Although Buard testified at trial, denied the allegations by J.L., and told a different story about what occurred and although the DNA tests did not produce any results showing Buard's DNA on J.L., we presume the finder of fact, here the trial court judge, weighed the evidence and resolved any conflicts in the testimony in favor of the verdict. *See Clayton*, 235 S.W.3d at 778. We defer to that determination. *Id.*

–3–

We conclude the evidence is sufficient to support the conviction, and we overrule Buard's sole issue.

In its cross-point, the State asserts the judgment should be modified to show that Buard pleaded not guilty. Although the trial court's judgment states the Buard pleaded guilty, the record shows he pleaded not guilty. This Court has the power to correct a clerical error on a judgment to reflect what occurred in the trial court as shown by the record. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). Because we have the necessary information to correct the judgment, we modify the judgment to reflect Buard pleaded not guilty before the trial court.

CONCLUSION

We modify the trial court's judgment to reflect Buard pleaded not guilty. As modified, we affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
151032F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JASON DEMALL BUARD, Appellant

No. 05-15-01032-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas
Trial Court Cause No. F14-57284-K.
Opinion delivered by Justice Stoddart.
Justices Francis and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that appellant Jason Demall Buard pleaded not guilty. As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of October, 2016.